UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Larry Antonio Simmons, ) | Civil Action No. 0:21-2599-BHH |
| ) | |
| Petitioner, ) | |
| v. ) | |
| ) | **OPINION AND ORDER** |
| ) | |
| AW Wingfield, Acting Warden FCI ) | |
| Williamsburg, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner Larry Antonio Simmons ("Petitioner") filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C., the action was referred to United States Magistrate Paige J. Gossett, for pretrial handling and a Report and Recommendation ("Report"). Magistrate Judge Gossett recommends that the § 2241 petition be summarily dismissed for lack of jurisdiction. (ECF No. 15.) The Report sets forth in detail the relevant facts and standards of law on this matter and the Court incorporates them without recitation.[1]

## BACKGROUND

In this § 2241 action, Petitioner, a federal inmate at FCI Williamsburg, challenges his federal sentence, claiming that his sentence should be vacated because he was incorrectly designated as a career offender based on two prior South Carolina state drug convictions for which he served less than twelve months' imprisonment. (ECF No. 1.) The

---

[1] **Error! Main Document Only.**As always, the Court says only what is necessary to address Petitioner's objections against the already meaningful backdrop of a thorough Report and Recommendation by the Magistrate Judge; comprehensive recitation of law and fact exist there.

1

Magistrate Judge issued the instant Report recommending that the §2241 petition be summarily dismissed on September 17, 2021. (ECF No. 15.) Petitioner timely filed objections (ECF No. 21) to the Report. The Court has reviewed those objections, but finds them to be without merit; therefore, it will enter judgment accordingly.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a specific objection, the Court reviews the Magistrate's conclusions only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). On October 4, 2021, Petitioner filed specific objections (ECF No. 21), and the Court's review is therefore *de novo*.

## DISCUSSION

The Magistrate Judge found that dismissal is warranted because Petitioner is unable to satisfy the § 2255 savings clause and this Court lacks jurisdiction to consider the petition. (*See* ECF No. 15.) "[I]t is well established that defendants convicted in federal

court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc)). However, § 2255 contains a "savings clause" that allows federal prisoners to proceed under § 2241 when a motion under § 2255 would prove "inadequate or ineffective" to test the legality of the detention.[2] *In re Vial*, 115 F.3d at 1194. "[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision . . . or because an individual is procedurally barred from filing a § 2255 motion . . . ." *Id.* at n.5.

The Fourth Circuit has identified specific circumstances when a federal prisoner may use a § 2241 petition to contest his sentence pursuant to the savings clause. Specifically, § 2255 is inadequate or ineffective when:

> (1) at the time of the sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*U.S. v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018). The savings clause is a jurisdictional provision; if a petitioner cannot satisfy the savings clause, the district court lacks

---

[2] The "savings clause" states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. § 2255(e) (emphasis added).

3

jurisdiction to consider the petition. *Id.* at 423. Here, Magistrate Judge Gossett determined that Petitioner cannot meet the second prong of the *Wheeler* test because there was no subsequent change of law deemed to apply retroactively on collateral review that affects Petitioner's sentence. (*See* ECF No. 15 at 3–4.)

Petitioner objects by arguing that the Magistrate Judge "has cherry picked certain portions of *Wheeler* to form [her] decision to move for a dismissal of the case." (ECF No. 21 at 1.) Rather than address the test announced in *Wheeler*, Petitioner instead cites the *result* in *Wheeler*, which happened to be, under the specific circumstances then applicable to petitioner Wheeler, that § 2255 was an inadequate and ineffective means to test the legality of petitioner Wheeler's detention. (*See id.*) Thus, the *Wheeler* court held that petitioner Wheeler could "pass through the savings clause portal and have the § 2241 petition addressed on the merits." 886 F.3d at 434. Petitioner's reasoning runs off course when he likens his own case to the facts in *Wheeler* with the bare assertion that the instant case "concerns a sentencing error that cannot[,] nor could it have ever been raised in a § 2255 petition[.]" (ECF No. 21 at 2.) Petitioner has still not cited any controlling authority from the U.S. Supreme Court or the Fourth Circuit that has retroactively changed the law and rendered his sentence invalid, nor is the Court aware of any such authority.

Petitioner's objections fail to demonstrate any error in the Magistrate Judge's proposed findings and recommendations. The Report concludes that Petitioner is unable to meet the § 2255 savings clause requirements and this Court lacks jurisdiction to consider the petition. After *de novo* review, the Court agrees with the analysis of the Magistrate Judge and finds no error therein. Accordingly, the Court overrules Petitioner's objections.

**CONCLUSION**

For the reasons stated above and by the Magistrate Judge, the Court OVERRULES Petitioner's objections (ECF No. 21) and ADOPTS and incorporates herein the Magistrate Judge's Report (ECF No. 15). It is therefore ORDERED that Petitioner's § 2241 petition is DISMISSED *without prejudice* and without requiring the respondent to file a return. Finally, Petitioner's motion for judgment on the pleadings (ECF No. 24) is DENIED as moot.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

September 8, 2022
Charleston, South Carolina

5